## Thomas J. Burt *vs.* People's Mutual Fire Insurance Company.

A policy, made by a mutual fire insurance company, under the conditions and limitations expressed in the by-laws, one of which provides that any previous insurance shall make their policy void, unless expressed therein, and that subsequent insurance elsewhere obtained, without their consent, shall annul the policy, is annulled by procuring such subsequent insurance without their consent, although for a less sum than a previous insurance by another company, expressed in this policy when it issued, and since expired.

Action of contract by the assignee of a policy, whereby the defendants insured Stephen B. Allen, against loss or damage by fire, under the conditions and limitations expressed in their by-laws, for one year from July 1st 1851, $4,000 on his stock in trade, "in addition to $3,000 at the Northwestern Ins. Co."

By the eleventh article of the defendants' by-laws, " all policies which may issue from this company, to cover property previously insured, shall be void, unless such previous insurance be expressed in the policy at the time it is issued; and when a subsequent insurance shall be made, by any other company or person, on property insured at this office, without the consent of the president or secretary, in writing, and according to the terms in such consent expressed, it shall annul the said policy."

The following facts were agreed by the parties: The insurance by the Northwestern Insurance Company, mentioned in the policy, expired on the 21st of January 1852. On the 7th of April 1852, the plaintiff, without the consent or knowledge of the defendants, or of their president or secretary, procured from the Ætna Insurance Company insurance in the sum of $2,500 on the stock insured by the defendants. A loss occurred on the 10th of April 1852, of which the defendants had due notice.

*E. H. Bennett*, for the plaintiff. A substantial compliance with the provisions of the policy is sufficient, though not according to the letter. *Underhill* v. *Agawam Mutual Fire Ins. Co.* 6 Cush. 440. *Clark* v. *New England Mutual Fire Ins. Co.* 6 Cush. 342. The subsequent insurance at the Ætna Office was but a renewal of, or substitute for, the prior insurance for a larger amount at the Northwestern Office, (which was duly made known to the defendants,) and did not therefore avoid the policy.

*C. I. Reed*, for the defendants.

Metcalf, J. The policy in this case is, in terms, made under the conditions and limitations expressed in the defendants' by-laws, the eleventh article of which declares, among other things, that "when a subsequent insurance shall be made, by any other company or person, on property insured at this office, without the consent of the president or secretary, in writing, and according to the terms in such consent expressed, it shall annul the policy." The plaintiff procured a subsequent valid insurance at another office, without the consent or knowledge of the defendants, or of their president or secretary. And this annulled the policy now in suit. See *Carpenter* v. *Providence Washington Ins. Co.* 16 Pet. 495, and 4 How. 224; *Clark* v. *New England Mutual Fire Ins. Co.* 6 Cush. 342. The plaintiff's suggestion, that a policy, procured by him as a renewal of a former policy, or as a substitute for it, is not within the meaning and effect of the defendants' by-laws, seems to us to be groundless.

*Judgment for the defendants.*